UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| REV. PAMELA M. PINKNEY, | ) | CASE NO. 1:05 CV 1069 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| THE STATE OF OHIO, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On April 27, 2005, plaintiff pro se Rev. Pamela M. Pinkney filed this action against fifty-eight defendants.[1] In the complaint, plaintiff alleges that her children have been taken from her home by Children and Family Services. She seeks reunification with her children, and monetary damages. Ms.

---

[1] The defendants named in the complaint are: the State of Ohio, Timothy Flanagan, John J. Winchester, Larry Jones, Kenneth Thomas, Francis Rutowski, Tom Washington, Joseph J. Zone, Brian Fritz, Stephanie Jerolstrom, Cherlyn Howard, Juan DeJesus, Anthony Stokes, Walter Ugrinic, Tim Reinhardt, Jeffrey Demuth, Jimmy Dimora, Peter Lawson Jones, Timothy McCormack, Andrew Cox, Ian Lucash, Contae Murphy, Cassandra Fellows, Sheila Thompson, Veronica Davis, Connie Humble, Christina Malpass, Ivy Chandler, Barbara Riley, James Williams, Jr. Michael Fetzer, Cassandra McARthur, Janet Carlow, Patricia Bennett, Nautia Ahmetomic, Megan Zelnac, Schlezak, Christina Coles, Tamika Ross, E. Harshburger, Mark Freeman, Rebecca Kimberly, Sylvester Small, Katrina Jordan, Jacqueline Peyton Cook, Brent Larkin, Doug Clifton, Kara Ritter, Tom Garrett Benjamin, Melvin Jackson, Larry Howard, Willie Gregory, Don M. Salett, Carolyn Elaine Brown, Rickey G. Brown, Pandora Ramsay, Theodore M. Rivers.

Pinkney also filed an Application to Proceed In Forma Pauperis. That Application is granted.

*Background*

Ms. Pinkey claims that on August 9, 2002, she moved with her four children from Ohio to Indiana to escape domestic violence in her home. She reported to the Indiana Children and Family Services on September 19, 2002, that her children had been abused by others while they were still in Ohio. She indicates she was told by Children and Family Services Workers that the abuses had been substantiated. She then indicates that she was forced to sign a document before she was permitted to leave the building with her children.

Ms. Pinkney's children were removed from her home by Children and Family Services on October 10, 2002, and placed in foster care. She claims the children were initially taken to the home of a religious leader who abused them. Ms. Pinkney alleges that in April 2003, her oldest daughter was confined for several days in the psychiatric unit of hospital and was given three different medications. Some time thereafter, both daughters were placed with their father who Ms. Pinkney refers to as "their abuser." (Compl. at 6.) Ms. Pinkney indicates she has not seen her two sons since March 22, 2003. She alleges that efforts are being made by Children and Family Services to place the boys with their father who she claims "performed multiple sexual abuses, torture, and other abuses to them, their sisters, and their mother." (Compl. at 7.)

Ms. Pinkney brings claims against the defendants for "kidnaping, child endangering, child slavery, intimidation, harassment, extortion, slander, character defamation, conspiracy to commit murder, falsifying documents, harboring a fugitive, child abuse, mental abuse, physical abuse, financial abuse, psychological abuse, spiritual abuse, theft, senior citizen abuse, neglect, endangering, and discrimination

based on skin color, age, religion, gender, and economics." (Compl. at 4.) She asks this court to order the defendants to return her children to her custody, recuse themselves from any matters relating to her or her children, forfeit their pensions, homes, vehicles and bank accounts, and issue an apology to the plaintiff and to the general public "which they have betrayed." (Compl. at 8.)

### *Standard of Review*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

### *Analysis*

Federal courts are always "under an independent obligation to examine their own jurisdiction," FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231(1990) and may not entertain an action over which jurisdiction is lacking. See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982). Based on the allegations set forth in the complaint, federal subject matter jurisdiction would exist only if the action contains a federal question or is based upon the complete

---

[2] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

diversity of citizenship of the parties. See 28 U.S.C. §§1331 and 1332. Neither of these factors can be found in the complaint.

Although Ms. Pinkney includes approximately 22 claims for relief in her complaint, only her assertion that the defendants committed "acts of discrimination" could be construed as a federal question. (Compl. at 4.) This assertion alone, however, is insufficient to set forth a valid cause of action. Principles requiring generous construction of pro se pleadings are not without limits. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Beaudett, 775 F.2d at 1278. Ms. Pinkney has not alleged any facts reasonably suggesting a basis for a cause of action for discrimination. Legal conclusions alone are not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987); see also, Place v. Shepherd, 446 F.2d 1239, 1244 (6th Cir. 1971) (conclusory section 1983 claim dismissed). Ms. Pinkney's remaining claims arise, if at all under state tort law, to which federal question jurisdiction does not apply.

Furthermore, because Ms. Pinkney is a resident of the State of Indiana, it is possible that she is attempting to establish jurisdiction based on the diversity of the citizenship of the parties. A plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the court's jurisdiction. FED.R.CIV.P. 8. In a diversity action, the plaintiff must state citizenship of each of parties so

that the existence of complete diversity can be confirmed. Washington v. Sulzer Orthopedics, Inc., No. 03-3350, 2003 WL 22146143, *1 (6th Cir. Sept. 16, 2003); Chemical Leaman Tank Lines, Inc. v. Aetna Cas. and Sur.Co., 177 F.3d 210, 222 n. 13 (3d Cir.1999). Ms. Pinkney merely states the names of fifty-eight defendants. She does not give any other information about these individuals, including their addresses. It is therefore impossible for the court to determine whether complete diversity exists to establish diversity jurisdiction.

Moreover, federal courts cannot entertain an action based solely on diversity jurisdiction when the matter in controversy involves child custody or domestic relations matters. Firestone v. Cleveland Trust, 654 F.2d 1212, 1215 (6th Cir. 1981). This is true even when a suit whose substance is domestic relations is brought under the guise of another cause of action. Firestone, 654 F.2d at 1215. Domestic relations and child custody cases involve local problems which are "peculiarly suited to state regulation and control and peculiarly unsuited to control by federal courts." Id. The district court must therefore examine the claims of the complaint and to determine the true character of the dispute to be adjudicated. Id. It is clear from the pleading and the relief requested, that Ms. Pinkney is asking this court to intervene in a pending juvenile court case, reverse decisions of the Indiana state court and make an independent determination of custody. This court lacks jurisdiction to grant this type of relief.

Finally, the court notes that even if it would otherwise have jurisdiction over the claims presented in the case, it would be required to abstain from entertaining this matter. A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. See Younger v. Harris, 401 U.S. 37, 44-45 (1971). When a person is the target of an ongoing state action involving important state matters, he or she cannot interfere with the

pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. Watts v. Burkhart, 854 F.2d 839, 844-48 (6th Cir.1988) If the state defendant files such a case, Younger abstention requires the federal court to defer to the state proceeding. Id; see also Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987). Based on these principles, abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the State." Younger, 401 U.S. at 44.

All three factors supporting abstention are present in this case. Ms. Pinkney suggests in her pleading that the question of permanent custody of her children is still pending in juvenile court. Matters of child custody are of paramount state interest, See Moore v. Sims, 442 U.S. 415, 435 (1979); Kelm v. Hyatt, 44 F.3d 415, 420 (6th Cir. 1995); Zak v. Pilla, 698 F.2d 800 (6th Cir. 1982); Firestone v. Cleveland Trust Co., 654 F.2d 1212 (6th Cir. 1981); Parker v. Turner, 626 F.2d 1 (6th Cir. 1980)[3], and Ms. Pinkney has not set forth facts which reasonably suggest the state court cannot or will not provide an adequate opportunity for her to raise the claims stated herein. Consequently, this court would be required to abstain from hearing this case.

---

[3] See also, Hughes v. Hamann, No. 00-4132, 2001 WL 1356143 (6th Cir. Oct. 25, 2001); Myers v. Franklin County Court of Common Pleas, No. 99-4411, 2001 WL 1298942 (6th Cir. Aug. 7, 2001); Jancuk v. Donofrio, No. 97-4404, 1999 WL 313903 (6th Cir. May 4, 1999)(determining abstention to be appropriate for pending domestic relations matter).

*Conclusion*

Accordingly, plaintiff's Application to Proceed In Forma Pauperis is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[4]

IT IS SO ORDERED.

/s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE
(Signed original on file)

DATE: June 23, 2005

---

[4] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

-7-